# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**WINSTON BERNARD EISON,**

    **Petitioner,**

   **v.**                                      **Case No. 12-CV-932**

**MICHAEL BAENEN,**

    **Respondent.**

## ORDER ON MOTION FOR STAY AND ABEYANCE

Petitioner Winston Bernard Eison filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on September 13, 2012. (Docket #1.) Eison is currently serving a twenty-year sentence, following his convictions for armed robbery with threat of force under Wis. Stat. § 943.32(2) and false imprisonment under Wis. Stat. § 940.30. (*See* Judgment of Conviction, Docket # 12-1.) Before the Court is Eison's motion to stay the proceedings and hold his petition for habeas corpus in abeyance so that he may return to state court and exhaust his ineffective of assistance of appellate counsel claim. (Docket # 13.) For the reasons stated below, the motion will be denied.

## BACKGROUND

Eison raises four grounds for relief: (1) that the trial court erred when it held that the erroneous admission of "other acts" evidence was harmless (Docket # 1 at 5); (2) the trial court erred by admitting evidence that was subject to the marital privilege (*id.* at 6); (3) his trial counsel was ineffective for failing to "sufficiently object" to the admission of "other acts" evidence, for failing to request a limiting instruct, and for failing to counter the prosecution's contention that the marital privilege could not be invoked (*id.* at 14); and (4) his appellate counsel was ineffective for failing to

argue petitioner was prejudiced by wearing a wristband in the presence of the jury, for failing to raise trial counsel's ineffectiveness for failing to seek or investigate a third party defense, and for failing to argue that trial counsel erred by denying his right to waive the right to counsel and proceed *pro se* (*id.* at 15-16). The Honorable Lynn Adelman issued a Rule 4 order on November 15, 2012 and ordered the respondent to file an answer to the petition within thirty days. (Docket # 7.) The case was transferred to this Court after the parties consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) and General L.R. 73 (E.D. Wis.). (Docket # 11.)

When the respondent answered the petition, he argued that Eison's fourth ground, alleging ineffective assistance of appellate counsel, was not exhausted. (Docket # 12 at 5-6.) Before the Court is Eison's motion to stay and hold the petition in abeyance while he returns to state court to exhaust his unexhausted claim. (Docket # 13.) Eison conceded in his motion that his petition is mixed and that he must exhaust the ineffective assistance of appellate counsel claim before this Court may consider it on the merits. He also recognized that this claim is not exhausted in his petition. (Docket # 1 at 16.) The Court allowed the respondent an opportunity to respond to the motion to stay and the motion is now fully briefed.

## ANALYSIS

A district court may not consider "mixed" habeas petitions (petitions containing both exhausted and unexhausted claims). *Rose v. Lundy*, 455 U.S. 509, 510 (1982). However, under *Rhines v. Weber*, 544 U.S. 269 (2005), a district court may stay a mixed habeas petition and hold it in abeyance while the petitioner exhausts state-court remedies. The purpose of this stay and abeyance procedure is to allow petitioners to ensure that the one-year limitations period under AEDPA does

- 2 -

Case 2:12-cv-00932-NJ   Filed 03/14/13   Page 2 of 6   Document 19

not expire pending exhaustion of the unexhausted claims in state court. However, the stay and abeyance should be available only in limited circumstances to avoid undermining the AEDPA's purpose of reducing delays in the execution of the state and federal criminal sentences. *Rhines*, 544 U.S. at 277.

In the present case, Eison filed his petition for a writ of habeas corpus only one day before the one-year statute of limitations expired. *See* 28 U.S.C. § 2244(d)(1). Because the filing of the petition did not toll the petitioner's deadline, any postconviction motion that petitioner might subsequently file in state court would have no tolling effect. Consequently, dismissing Eison's petition in its entirety because it is a mixed petition would bar him from ever presenting his claims to a federal court. Similarly, dismissing only the unexhausted claim would deprive Eison of the ability to ever present the unexhausted claim to a federal court. Thus, the Court will review whether Eison meets the criteria to stay his petition and hold it in abeyance.

Stay and abeyance is available when: (1) there was good cause for the petitioner's failure to exhaust his claim first in state court; (2) the unexhausted claim is potentially meritorious; and (3) the petitioner did not engage in intentionally dilatory litigation tactics. *Rhines*, 544 U.S. at 277–78. Any stay should include reasonable time limits on a petitioner's trip to state court and back. *Id*. at 278 (pointing to a possible thirty-day interval to file proceedings in state court and a thirty-day interval from a state court's final decision to reopen the federal habeas case). In a mixed-petition habeas case, if the court determines that stay and abeyance is inappropriate, the petitioner should be allowed to dismiss any unexhausted claims and proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair his right to obtain federal habeas review. *Id*.

- 3 -

The latter two requirements for granting a motion for stay and abeyance—that Eison's unexhausted claim is not plainly meritless and that Eison has not engaged in intentionally dilatory tactics—are met. Though the respondent challenges the likelihood of the unexhausted claim's success, I cannot conclude that it is plainly meritless on the record thus far. Similarly, there is no evidence that Eison has engaged in intentionally dilatory litigation tactics.

As to good cause, Eison has failed to offer any explanation for his failure to raise his ineffective assistance of appellate counsel claim in state court. While it is true that the Supreme Court did not define "good cause" in *Rhines* and has only offered the suggestion that "a petitioner's reasonable confusion about whether a state filing would be timely" would constitute good cause, *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005), the petitioner is required to offer some reason for his failure to exhaust, *Rhines*, 544 U.S. at 277-78. Eison explains that he did not understand the rule against mixed petitions. But, he does not address what is at issue: the failure to exhaust the ineffective assistance of appellate counsel claim in state court. (*See* Motion to Stay Proceedings and Hold Pet. in Abeyance, Docket # 13.) In other words, Eison was required to show why he did not present that claim to a complete round of review in state court.

Eison's only possible proffered good cause for his failure to exhaust is that he is proceeding through the habeas process *pro se*. However, a "petioner's *pro se* status is an insufficient basis on which to find good cause for his failure to exhaust his state court remedies." *Johnson v. Huibregtse*, No. 07-cv-674, 2008 WL 4621345, *7 (W.D. Wis. March 14, 2008) (citing *Smith v. Giurbino*, No. 06cv700, 2008 WL 80983, * 5 (S.D. Cal. Jan. 7, 2008); *Brummett v. Clark*, No. CIV S-07-0379, 2007 WL 1302503, * 1 (E.D. Cal. May 1, 2007); *Johnson v. Sullivan*, No. CV04-7923ABC, 2006 WL 37037, * 3 (C.D. Cal. Jan. 4, 2006)).

The Court has construed Eison's motion very liberally. Nonetheless, it has found nothing that provides good cause for Eison's failure to exhaust. Though the Court has discretion to stay proceedings and hold petitions for habeas corpus in abeyance, *Rhines*, 544 U.S. at 271-72, there are legal standards that the petitioner must satisfy before a motion for stay and abeyance may be granted. In fact, granting a motion for stay and abeyance where the standards are not met could be considered an abuse of discretion. *See id.* at 277. Among the requirements for granting a motion for stay and abeyance is that the petitioner has good cause for failing to exhaust his federal claims in state court. Eison has submitted nothing in his motion supporting good cause for failure to exhaust. Without this showing, the Court cannot grant Eison's motion for stay and abeyance.

Accordingly, the Court will deny the motion to stay the proceedings and hold the petition in abeyance. The Court will proceed on Eison's remaining exhausted claims unless Eison notifies the Court within twenty (20) days that he wishes to dismiss his habeas petition in its entirety.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the petitioner's Motion to Stay (Docket # 13) is **DENIED**.

**IT IS FURTHER ORDERED** that Eison's fourth claim, that his appellate counsel was ineffective, is **DISMISSED**. The Court will proceed on Eison's exhausted claims unless he notifies the Court within twenty (20) days that he wishes to dismiss his habeas petition in its entirety.

**IT IS ALSO ORDERED** that the petitioner has forty-five (45) days from the date of this order in which to file his brief in support of his petition; the respondent shall have forty-five (45) days following the filing of the petitioner's brief within which to file a brief in opposition; and the petitioner shall have thirty (30) days following the filing of the respondent's opposition brief within which to file a reply brief, if any.

Dated at Milwaukee, Wisconsin this 14th day of March, 2013.

>BY THE COURT:
>
>*s/Nancy Joseph*
>NANCY JOSEPH
>United States Magistrate Judge