# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**WINSTON BERNARD EISON,**

      Petitioner,

  v.                                                           Case No. 12-CV-932

**MICHAEL BAENEN,**

      Respondent.

## ORDER ON PETITIONER'S MOTION FOR VOLUNTARY DISMISSAL OR FOR RECONSIDERATION

Petitioner Winston Bernard Eison ("Eison") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on September 13, 2012. (Docket #1.) Eison filed a motion to stay the habeas proceedings and hold his petition in abeyance so that he could return to state court to exhaust his unexhausted claim. I denied the motion and dismissed the fourth claim, which was unexhausted. (Docket # 19.) Eison elected to continue with his three apparently exhausted claims. He submitted a brief in support of his petition (Docket # 26), to which the respondent filed a response brief (Docket # 31). Eison requested an extension of time to file his reply brief (Docket # 33), which I granted. In lieu of a reply brief, Eison filed the present motion to voluntarily dismiss or, alternatively, for reconsideration of his motion to stay his petition and hold it in abeyance. (Docket # 34.) For the reasons explained below, I will deny Eison's motion for reconsideration and grant his motion to voluntarily dismiss.

I will begin with Eison's motion to reconsider his motion for stay and abeyance. Federal Rule of Civil Procedure 54(b) authorizes reconsideration of a court's non-final orders. Granting a motion

for reconsideration is appropriate when:

> (1) the court has patently misunderstood a party; (2) the court has made a decision outside the adversarial issues presented to the court by the parties; (3) the court has made an error not of reasoning but of apprehension; (4) there has been a controlling or significant change in the law since the submission of the issue to the court; or (5) there has been a controlling or significant change in the facts since the submission of the issue to the court.

*Tatum v. Clarke*, No. 11-CV-1131, 2013 WL 6497697, *1 (E.D. Wis. Dec. 11, 2013) (*citing Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1885, 1191 (7th Cir. 1990)).

In denying Eison's motion to stay his petition and hold it in abeyance, I explained that Eison had failed to make a showing of good cause for failing to exhaust. Stay and abeyance is available when: (1) there was good cause for the petitioner's failure to exhaust his claim first in state court; (2) the unexhausted claim is potentially meritorious; and (3) the petitioner did not engage in intentionally dilatory litigation tactics. *Rhines v. Weber*, 544 U.S. 269, 277–78 (2005). While he met the latter two requirements, Eison's only proffered reason for failing to exhaust was that he was proceeding *pro se* through the habeas process. In the present motion, Eison again argues that because he is without counsel and "unlettered in Constitutional Law," his petition should be stayed and held in abeyance. As I explained in the order denying his motion, a "petitioner's *pro se* status is an insufficient basis on which to find good cause for his failure to exhaust his state court remedies." *Johnson v. Huibregtse*, No. 07-cv-674, 2008 WL 4621345, *7 (W.D. Wis. March 14, 2008) (citing *Smith v. Giurbino*, No. 06cv700, 2008 WL 80983, * 5 (S.D. Cal. Jan. 7, 2008); *Brummett v. Clark*, No. CIV S-07-0379, 2007 WL 1302503, * 1 (E.D. Cal. May 1, 2007); *Johnson v. Sullivan*, No. CV04-7923ABC, 2006 WL 37037, * 3 (C.D. Cal. Jan. 4, 2006).

Eison also offers two other reasons for his failure to exhaust: that both the New Lisbon Correctional Institution and the Green Bay Correctional Institution prevent inmate law library clerks

to assist other inmates and that medical conditions and related medications, present since 2008, prevented him from exhausting his claim. (Docket # 34 at 1-2.) As to the first of these proffers of good cause, Eison does not explain how the institutions' policies prevented him from exhausting his state court remedies. Indeed, he states he did not know of the policy until recently, and it is therefore unclear how this kept him from properly exhausting his claim in state court.

As to Eison's claim that his health affected his ability to exhaust his claim, he has not presented new evidence. He states that he has been under treatment for osteoarthritis and traumatic arthritis since 2008, part of which required him to take various medications that "influenced" him. This fact was therefore known to him when he filed his motion for stay and abeyance and it is therefore not new. Thus, there has been no "controlling or significant change in the facts since the submission of the issue to the court." *Tatum*, 2013 WL 6497697 at *1 (internal citation omitted). Granting a motion for reconsideration would therefore be inappropriate.

Furthermore, Eison presents no change in controlling law, nor does he argue that I "patently misunderstood" his argument, that I made a decision outside of the purview of a motion for stay and abeyance, or that I made a mistake of reasoning. I therefore deny his motion for reconsideration of his motion to have his petition stayed and held in abeyance.

Because I have denied the motion for reconsideration, I will grant Eison's motion to voluntarily dismiss his petition without prejudice.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the petitioner's Motion for Reconsideration is **DENIED** and his motion for voluntarily dismissal is **GRANTED**. The case is therefore **DISMISSED WITHOUT PREJUDICE**.

Dated at Milwaukee, Wisconsin this 28th day of March, 2013.

                                           BY THE COURT:

                                        *s/Nancy Joseph*
                                        NANCY JOSEPH
                                        United States Magistrate Judge